IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS COAL COUNCIL, )
Post Office Box 964 )
Washington, PA 15301, )
 )
and )
 )
KENTUCKY RESOURCES COUNCIL, INC., )
Post Office Box 1070 )
Frankfort, KY 40602 )
 )
                    Plaintiffs-Petitioners, )
 )
v. )
 )
DIRK KEMPTHORNE, )
    Secretary of the Interior, )
1849 C Street N.W., )
Washington DC 20240, )
 )
                            Defendant. )
                                    )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,
AND PETITION FOR REVIEW**

**Introduction**

      1.     This suit challenges the December 3, 2007, final action of Dirk Kempthorne, the Secretary of the Interior (the "Secretary"), promulgating regulations pursuant to the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§ 1201-1328 ("SMCRA"). *See* 72 Fed. Reg. 68,000-31 (Dec. 3, 2007) (hereinafter "the ownership or control rulemaking"). The Secretary's rulemaking arbitrarily and capriciously rescinded important provisions of the Secretary's prior rules on the nature and scope of SMCRA's "permit block" sanction, the text of which states:

> The applicant shall file with his permit application a schedule listing any and all notices of violations of this chapter and any law, rule, or regulation of the United States, or of any department or agency in the United States pertaining to air or water environmental protection incurred by the applicant in connection with any surface coal mining operation during the three-year period prior to the date of application. The schedule shall also indicate the final resolution of any such notice of violation. Where the schedule or other information available to the regulatory authority indicates that any surface coal mining operation owned or controlled by the applicant

>    is currently in violation of this chapter or such other laws referred to [in] this subsection, the permit shall not be issued until the applicant submits proof that such violation has been corrected or is in the process of being corrected to the satisfaction of the regulatory authority, department, or agency which has jurisdiction over such violation . . . .

30 U.S.C. § 1260(c).

2.     Congress enacted the permit block sanction as part of "a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations," 30 U.S.C. § 1202(a).

3.     In establishing that program, Congress meant, among other things, to "assure that the rights of surface landowners and other persons with a legal interest in the land or appurtenances thereto are fully protected from such operations," and to "assure that surface coal mining operations are so conducted as to protect the environment," 30 U.S.C. § 1202(b) and (d).

4.     The permit block sanction advances Congress's purposes by protecting persons who live or recreate in America's coalfields from (a) continued damage to their interests as the result of each ongoing violation of SMCRA which affects them and (b) new or additional damage to their interests as the result of each new violation that scofflaw coal operators might otherwise commit after obtaining new or significantly revised mining permits for areas that such operators have not previously affected.

5.     Over the years since SMCRA's enactment, the Secretary and citizens of America's coalfields have used the "permit block" sanction to compel major coal operators in the United States to reclaim lands which so-called "contract operators" abandoned after mining coal at the behest of larger companies that actually controlled the manner in which the contract operator conducted surface coal mining operations, disposed of the coal produced, or both.

6.     The regulatory changes promulgated on December 3, 2007, unlawfully narrow the reach of the permit block sanction, irrationally complicate its implementation by regulators and the public, and allow permit applicants to obscure information needed to detect ongoing violations of permit applicants and properly invoke the remedy.

**Jurisdiction and Venue**

7. This Court has jurisdiction of this action pursuant to 30 U.S.C. § 1276(a)(1) (judicial review of national rulemaking under SMCRA), as well as 28 U.S.C. § 1331(a) (federal question) and 28 U.S.C. § 1361 (mandamus). This Court may issue a declaratory judgment and grant further relief pursuant to 30 U.S.C. § 1276(b) and 28 U.S.C. §§2201 and 2202. Plaintiffs have a right to bring this action pursuant to 30 U.S.C. § 1276(a)(1) and the Administrative Procedure Act, 5 U.S.C. §§701 to 706. Review is properly conducted pursuant to 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act) and 30 U.S.C. § 1276(a)(1) (SMCRA).

8. Venue is properly before this Court under 28 U.S.C. § 1391(e). With respect to allegations under SMCRA, venue lies only in this Court pursuant to 30 U.S.C. § 1276(a).

9. There is a present and actual controversy between the parties to this action. Plaintiffs have exhausted their administrative remedies and have no adequate remedy at law.

**Parties**

10. Plaintiff Citizens Coal Council ("CCC") is a nonprofit corporation existing under the laws of Pennsylvania. CCC is a nationwide association of grassroots citizens' organizations and individuals who reside in or visit America's coalfields. CCC's mission is to protect resources, including the homes, farms, businesses, and water supplies of its individual members, through advocacy of full compliance with all environmental laws pertaining to coal mining.

11. Plaintiff Kentucky Resources Council, Inc., ("KRC") is a nonprofit membership organization incorporated under the laws of the Commonwealth of Kentucky and dedicated to prudent use and conservation of the natural resources of the state.

12. KRC and its members have as a particular focus of their advocacy efforts the minimization of the adverse impacts of coal extraction on land, water resources and public health and safety.

13. KRC members include individuals residing in the coalfields of Kentucky in areas where coal mining occurs, or is currently planned, or may occur in future. Unless properly regulated

in accordance with SMCRA, surface coal mining operations threaten to adversely affect these members property and aesthetic interests.

14. Numerous individual CCC and KRC members depend upon the permit block sanction to protect their interests – as residents of, or visitors to, America's coalfields – from damage as the result of additional violations of SMCRA or other federal environmental statutes committed by scofflaw coal operators who own or control mines that are already in violation of environmental laws.

15. CCC, KRC, and their members suffer and will continue to suffer injury in fact as the result of the Secretary's December 3, 2007, ownership or control rulemaking because they will be deprived of the full scope of protection that Congress intended the permit block sanction to afford to citizens and visitors to America's coalfields, because they will be less able to invoke the permit block sanction effectively where it is warranted, and because they will be less able to detect whether applicants for permits to conduct proposed surface coal mining operations that will affect their interests are owned or controlled by scofflaw coal operators.

16. Plaintiff organizations and their members participated in the rulemaking procedures which preceded the Secretary's promulgation of the December 3, 2007, ownership or control rules, including submission of written comments on the proposed regulations prior to the close of the comment period provided by the Secretary.

17. Plaintiffs have participated in the permitting process for individual coal mines on behalf of themselves and their members, and have provided information about the need to preserve the permit block sanction in full force and to implement it properly.

18. CCC and KRC have each invoked the permit block sanction on behalf of their members to compel scofflaw coal operators to correct numerous ongoing violations of SMCRA and other federal environmental statutes, the validity of which was no longer subject to administrative or judicial review.

19. CCC and KRC bring this action on behalf of their members as well as themselves.

20. The interests of CCC, KRC, and their members are within the zone of interests protected by the Administrative Procedure Act and SMCRA.

21. Defendant Dirk Kempthorne is the Secretary of the Interior. He resides officially in Washington, D.C. Plaintiffs sue him in his official capacity. The Secretary is responsible for implementing all statutes, regulations, and programs administered by the United States Department of the Interior and its constituent agencies.

22. The Secretary, acting through the Office of Surface Mining Reclamation and Enforcement ("OSM"), has a statutory mandate to promulgate national regulations implementing SMCRA, including regulations that implement the permit block sanction.

23. The Secretary is also charged with the responsibility of complying with the Administrative Procedure Act.

**Facts**

24. After a number of preliminary rulemaking efforts, OSM published on October 10, 2006, the proposed rules which led directly to the agency's December 3, 2007, ownership or control rulemaking.

25. On December 11, 2006, prior to deadline which the Secretary established for submission of comments on the October 10, 2006, proposed rules, CCC and KRC jointly submitted comments on OSM's proposed rule changes.

26. Among other things, CCC and KRC commented that adoption of numerous proposed rule changes would be arbitrary, capricious, or inconsistent with SMCRA, the Administrative Procedure Act, or both.

27. Despite the comments that CCC and KRC submitted, the Secretary on December 3, 2007, promulgated a final rule that adopted most of the provisions that CCC and KRC opposed.

## **Claims for Relief**

## **Count I**

28.     Plaintiffs reassert and reallege Paragraphs 1 through 27 of this complaint. The Secretary's December 3, 2007, ownership or control rulemaking violates SMCRA and the Administrative Procedure Act in numerous respects, including but not limited to the following:

      a.    the Secretary failed to place in the public record of the ownership or control rulemaking various documents pertaining to his settlement of prior litigation with the National Mining Association ("NMA"), including the settlement agreements themselves, every draft of the agreements, every item of correspondence relating to the settlement, and every note or memorandum of communications relating to the settlement, even though the settlement triggered and governed the rulemaking proceedings which culminated in the December 3, 2007, final rule;

      b.    the Secretary did not, after first supplementing the public record as requested, reopen the comment period to solicit further comments regarding any "actual basis" for the rulemaking and any prejudgment of its outcome;

      c.    the Secretary's deletion from the regulatory definition of *"control or controller"* of specific examples of that status, such as general partners in a partnership and persons who have the ability to commit financial or real property assets contravenes the requirements of 30 U.S.C. § 1260(c) and contradicts his previous interpretation of the term without establishing a rational basis for the change;

      d.    the Secretary's rescission of the requirement that regulatory authorities recognize as "owners" all persons (other than "owners of record") "possessing or controlling" in excess of 50 percent of an entity's ownership instruments contravenes the requirements of 30 U.S.C. § 1260(c) and contradicts his previous interpretation of the term without establishing a rational basis for the change;

      e.    the Secretary's limitation of a regulatory authority's "downstream" reach under the definition of "*own, owner,* or *ownership*"(i) rests upon an error of statutory and regulatory

interpretation, (ii) lacks any factual basis or reasoned analysis, (iii) contradicts the Secretary's earlier interpretation of 30 U.S.C. § 1260(c) without presenting any new information or occurrence that might justify or support the proposed change, and (iv) betrays rather than implements the remedial purpose that underlies the statutory mandate to withhold new or significantly revised mining permits from applicants who own entities that are responsible for uncorrected regulatory violations;

      f.    the Secretary's redefinition of the term "*transfer, assignment, or sale of permit rights*" to exclude changes in "effective control" of an existing permittee, and to include only a change in the entity which actually holds a particular mining permit, unlawfully renders regulatory authorities powerless to invoke the permit block sanction to prevent a scofflaw coal operator from obtaining permit rights from others and then continuing to conduct surface coal mining operations while the scofflaw operator's ongoing violations of SMCRA or other environmental laws go unremedied;

      g.    the Secretary's rescission of the requirement that permit applicants identify each of their owners and controllers unlawfully abrogates each permit applicant's duty to provide information necessary to effective implementation of the permit block sanction, and thus unlawfully sacrifices the agency's effective implementation of 30 U.S.C. § 1260(c) for the improper purpose of making the regulated community's workload a bit lighter;

      h.    the Secretary's removal from several regulations of provisions that require posting on the Internet of information regarding implementation of SMCRA's ownership or control provisions unlawfully contradicts his previous determination of the need for such provisions without establishing a rational basis for the change;

      i.    the Secretary's amendment of 30 U.S.C. § 774.11 to "clarify" when OSM may actually use ownership or control findings to impose the permit block sanction unlawfully creates an automatic stay of agency action pending administrative review, in direct conflict with the provisions of 30 U.S.C. §§ 1264(d), 1275(c), and their state law counterparts, all of which authorize

temporary relief from the action of SMCRA regulatory authorities pending administrative review only upon the challenging party's satisfaction of three specific criteria for such relief;

   j. the Secretary's rescission of the requirement that each permit applicant identify the person or persons responsible for filing Form OSM-1 for a proposed surface coal mining operation contradicts his previous regulation on the issue without establishing a rational basis for the change; and

   k. the Secretary's rescission of the requirement that regulatory authorities refer certain matters for so-called "alternative enforcement action" conflicts with the statutory mandate that the Secretary acknowledged when he first established that requirement, without any showing of a rational basis for the proposed rescission.

## Count Two

29. CCC and KRC reassert and reallege Paragraphs 1 through 28 of this complaint.

30. The Secretary failed to address adequately or to respond to significant problems or matters that were raised in comments made on the proposed rules.

## **Prayer for Relief**

CCC and KRC respectfully request that this Court:

A. Declare that the portions of the December 3, 2007, ownership or control rulemaking identified in Paragraph 28 of this complaint violate SMCRA;

B. Declare that the portions of the December 3, 2007, ownership or control rulemaking identified in Paragraph 28 of this complaint are arbitrary, capricious, an abuse of discretion, or otherwise inconsistent with law, in violation of the Administrative Procedure Act;

C. Enter an order expressly vacating the portions of the December 3, 2007, ownership or control rulemaking identified in Paragraph 28 of this complaint;

D. Enjoin the Secretary and those acting under his authority from implementing the portions of the December 3, 2007, ownership or control rulemaking identified in Paragraph 28 of this complaint in any manner, including but not limited to approval of any state program amendment

that which would implement any of the unlawful regulatory changes identified in Paragraph 28 of this complaint;

  E. Enter an order compelling the Secretary to review all approved state regulatory programs under SMCRA and to require any change necessary in each program to ensure that the state regulatory authority will implement the permit block sanction consistently with the Secretary's regulations as they stand following the requested vacatur of the unlawful portions of the December 3, 2007, ownership or control rulemaking;

  F. Award Plaintiffs their costs, disbursements, and reasonable attorneys' fees; and

  G. Grant such other relief as the Court deems just and appropriate.

      Respectfully submitted,

      _____
      James B. Dougherty
      D.C. Bar No. 939538
      709 3rd Street SW
      Washington, D.C. 20004
      (202) 488-1140

## I (a) PLAINTIFFS

Citizens Coal Council
Kentucky Resources Council, Inc.

## DEFENDANTS

Dirk Kempthorne, Secretary of the Interior

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

James B. Dougherty
709 3rd Street, S.W.
Washington, D.C. 20004
(202) 488-1140

ATTORNEYS (IF KNOWN)

United States Attorney for the District of Columbia
554 4th Street, N.W.
Washington, D.C. 20530
(202) 514-5666

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. *Antitrust***

☐ 410 Antitrust

**○ B. *Personal Injury/Malpractice***

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**● C. *Administrative Agency Review***

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. *General Civil (Other)*** OR **○ F. *Pro Se General Civil***

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

30 USC 1276(a)(1); 5 USC 701 et seq.; judicial review of rulemaking pursuant to the Surface Mining Control and Reclamation Act of 1977

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 ☐   **DEMAND $** _____   Check YES only if demanded in complaint
**JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE February 1, 2008   SIGNATURE OF ATTORNEY OF RECORD _____

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.