## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS COAL COUNCIL *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. 08-190 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| **DIRK KEMPTHORNE** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant answers the numbered paragraphs of the Complaint as follows:

1.    The allegations in the first sentence of Paragraph 1 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendant admits only that, on December 3, 2007, the Secretary of the Interior promulgated regulations, 72 Fed. Reg. 68,000, under authority of the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. § 1201 *et seq*. With regard to the second sentence of Paragraph 1, Defendant denies that the referenced rulemaking was arbitrary or capricious and avers that section 510(c) of SMCRA, 30 U.S.C. § 1260(c), speaks for itself and is the best evidence of its content.

2.    The allegations in Paragraph 2 constitute Plaintiffs' characterization of section 102 of SMCRA, 30 U.S.C. § 1202, which document speaks for itself and is the best evidence of its contents.

3.       The allegations contained in Paragraph 3 constitutes Plaintiffs' characterization of 30 U.S.C. § 1202(b) and (d), which documents speak for themselves and are the best evidence of their content.

4.       The allegations contained in Paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

5.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.  Defendant avers that the Secretary of the Interior has, at all times, implemented section 510(c) of SMCRA, 30 U.S.C. 1260(c), in a manner he believed to be authorized by SMCRA.

6.       Defendant denies the allegations contained in Paragraph 6.  Defendant avers that the challenged administrative rulemaking represents a rational and appropriate exercise of the Secretary of the Interior's rulemaking authority and that the Secretary's action was not arbitrary, capricious, or otherwise inconsistent with law.

7.       The allegations contained in Paragraph 7 constitute legal conclusions to which no response is required.

8.       The allegations contained in Paragraph 8 constitute legal conclusions to which no response is required.

9.       The allegations contained in Paragraph 9 constitute legal conclusions to which no response is required.

10.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.  Defendant avers that the property and aesthetic interests of individual members of Kentucky Resources Council, Inc. (KRC) are not adversely affected  by the challenged regulations because, *inter alia*, the regulations are authorized by, and consistent with,  SMCRA.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.  Defendant avers that the interests of individual members of Citizens Coal Council (CCC) and KRC are not adversely affected by the challenged regulations because, *inter alia*, the regulations are authorized by, and consistent with, SMCRA.

15.     Defendant denies the allegations contained in Paragraph 15.  Defendant avers that the challenged administrative rulemaking represents a rational and appropriate exercise of the Secretary of the Interior's rulemaking authority and that the Secretary's action was not arbitrary, capricious, or otherwise inconsistent with law.

16.     Defendant denies the allegations contained in Paragraph 16 and avers that Plaintiffs participated in the rulemaking process by submitting timely written comments with respect to some, but not all, of the provisions contained in the proposed rule, 71 Fed. Reg. 59,592 (Oct. 10, 2006), that preceded promulgation of the challenged final regulations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.  Defendant avers that only proper regulatory authorities  – whether federal or state – can "invoke" or otherwise implement SMCRA or the state counterparts to that Act.

19.     The allegations contained in Paragraph 19 constitute Plaintiffs' characterization of this action, to which no response is required.

20.     The allegations contained in Paragraph 20 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

21.     Defendant admits the allegations contained in the first and second sentences of Paragraph 21.  The allegations in the third sentence constitute Plaintiffs' characterization of this action, to which no response is required.  The allegations in the fourth sentence constitute legal conclusions to which no response is required.

22.     The allegations contained in Paragraph 22 constitute a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied. Defendant avers that the Secretary of the Interior, acting through the Office of Surface Mining Reclamation and Enforcement (OSM), shall "publish and promulgate such rules and regulations as may be necessary to carry out the purposes and provisions" of SMCRA.  SMCRA § 201(c)(2), 30 U.S.C. § 1211(c)(2).

23.     The allegations contained in Paragraph 23 constitute a legal conclusion to which no response is required.

24.    Defendant denies the allegations contained in Paragraph 24 and avers that OSM's proposed rule published on October 10, 2006, 71 Fed. Reg. 59,592, led to the challenged final rule, which OSM published on December 3, 2007.

25.    Defendant denies the allegations contained in Paragraph 25 and avers that on December 11, 2006, CCC and KRC submitted timely joint comments with respect to some, but not all, of the provisions contained in the proposed rule, 71 Fed. Reg. 59,592 (Oct. 10, 2006), that preceded promulgation of the challenged final regulations.

26.    Paragraph 26 is a characterization of CCC's and KRC's joint comments on OSM's October 10, 2006, proposed rule, which comments speak for themselves and are the best evidence of their content.

27.    Defendant denies the allegation contained in Paragraph 27.  Defendant avers that OSM carefully reviewed and considered all comments received on its 2006 proposed rule before promulgating the challenged final rule.  OSM modified some of the proposed revisions due, in part, to the comments submitted by CCC and KRC.

28.    To the extent Plaintiffs reassert and reallege Paragraphs 1 through 27 of the Complaint, Defendant reasserts and incorporates by references its responses to Paragraphs 1 through 27, above.  Defendant denies the remaining allegations contained in Paragraph 28, including all allegations in subparagraphs (a) through (k).

29.    Defendant reasserts and incorporates by references its responses to Paragraphs 1 through 28, above.

30.    Defendant denies the allegations contained in Paragraph 30.

The remainder of the Complaint is comprised of Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that the requested relief, or any part thereof, would be lawful or appropriate.

All allegations of the Complaint that have not been expressly admitted, denied, or qualified by this answer are hereby specifically denied.

### AFFIRMATIVE DEFENSES

1.      The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.      Plaintiffs' have failed to state a claim for which relief can be granted.

WHEREFORE, Defendant requests that this Court dismiss this action, deny in all respects the relief sought by Plaintiffs, uphold the challenged regulations, enter judgment for the Defendant, award Defendant costs and expenses, and grant Defendant such other and further relief as the Court may deem just and proper.

Dated this 4th day of June, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

 /s/ Ruth Ann Storey
RUTH ANN STOREY

Of Counsel:

                U.S. Department of Justice
Environment and Natural
                Resources Division

Daniel W. Kilduff
U.S. Department of the Interior
Office of the Solicitor
Division of Mineral Resources

Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0493

Attorney for Defendant

-6-