IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS COAL COUNCIL, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DIRK KEMPTHORNE, | ) ) No. 1:08-cv-00190-JR |
| Defendant, | ) ) |
| and | ) ) |
| NATIONAL MINING ASSOCIATION | ) ) |
| Intervenor-Defendant. | ) ) |

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANT NATIONAL MINING ASSOCIATION**

Intervenor-Defendant National Mining Association ("NMA") files this Answer pursuant to Rules 12 and 24 of the Federal Rules of Civil Procedure. Any allegation not specifically admitted below is denied. Answering the numbered paragraphs of the Complaint (Feb. 1, 2008), NMA admits, denies, and avers as follows:

1. The allegations of the first sentence of Paragraph 1 consist of plaintiffs' characterizations of this lawsuit and require no response. The remainder of Paragraph 1 states conclusions of law, to which no response is required. Insofar as Paragraph 1 is deemed to contain allegations of fact, those allegations are denied.

2-3. Paragraphs 2 and 3 quote selectively from, and purport to summarize or characterize, provisions of the Surface Mining Control and Reclamation Act ("SMCRA").

Those provisions speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

4. Paragraph 4 purports to describe "Congress' purposes" in enacting SMCRA. Those purposes are stated in the statute, which speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

5. NMA lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies those allegations.

6-9. Paragraphs 6-9 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

10-18. NMA lacks sufficient information to form a belief as to the truth of the allegations of Paragraphs 10-18 and therefore denies those allegations.

19. The allegations of paragraph 19 consist of plaintiffs' characterization of this lawsuit, to which no response is required.

20. Paragraph 20 states a conclusion of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied..

21. The allegations of the first three sentences of paragraph 21 are admitted. As to the fourth sentence, NMA avers that defendants' responsibilities for implementing statutes, regulations, and programs are set forth in the statutes, which speak for themselves and are the best evidence of their contents. Any allegations to the contrary of that best evidence are denied.

22-23. Defendants' responsibilities under SMCRA and the Administrative Procedure Act are set forth in those statutes, which speak for themselves and are the best evidence of their contents. Any allegations to the contrary of that best evidence are denied.

24. NMA admits that on October 10, 2006, the Office of Surface Mining Reclamation and Enforcement ("OSM") published a notice of proposed rulemaking, and that on December 3, 2007, OSM published the final regulations that plaintiffs challenge in this suit. Any other remaining factual allegations of Paragraph 24 are denied.

25-26. NMA lacks sufficient information to form a belief as to the truth of the allegations of Paragraphs 25 and 26 and therefore denies those allegations.

27. NMA admits that on December 3, 2007, OSM published a final rule. That rule and the accompanying preamble and underlying administrative record speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

28. As to the first sentence of Paragraph 28, NMA incorporates its responses to Paragraphs 1 through 27, inclusive, as though fully set forth herein. The second sentence and subparagraphs a through k of Paragraph 28 consist of conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

29. NMA incorporates its responses to Paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. Paragraph 30 consists of conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

The remaining allegations of the Complaint consist of plaintiffs' Prayer for Relief, to which no response is required; insofar as they are deemed to include allegations of fact, those allegations are denied. NMA denies that plaintiffs are entitled to any relief whatsoever, and respectfully prays that the Complaint be dismissed with prejudice in its entirety.

## GENERAL DENIAL

NMA denies each and every allegation in plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.  This Court lacks jurisdiction over some or all of plaintiffs' claims.

2.  Plaintiffs fail to state a claim on which relief can be granted.

Respectfully submitted,

| | |
|---|---|
| Harold P. Quinn, Jr., No. 389969<br>NATIONAL MINING ASSOCIATION<br>101 Constitution Avenue, NW<br>Suite 500 East<br>Washington, DC 20001<br>(202) 463-2653 | */s/ J. Michael Klise*<br>J. Michael Klise, No. 412420<br>Thomas C. Means, No. 254318<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2595<br>(202) 624-2500 |
| Dated: March 27, 2008 | Attorneys for Intervenor-Defendant<br>National Mining Association |